Laura L. Chapman (State Bar No. 167249)
FOLEY & LARDNER LLP
One Maritime Plaza, Sixth Floor
San Francisco, California 94111-3600
Telephone: (415) 438-6425
Facsimile: (415) 434-4507
Email: lchapman@foley.com

Attorneys for Defendant,
WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| FABRIC SELECTION, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.; a Delaware corporation; L'KORAL INCORPORATED, a California corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. CV 09-1537 DDP (FFMx)<br><br>**NOTICE OF MOTION AND MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DECLARATION OF LAURA L. CHAPMAN, [PROPOSED] ORDER Filed Concurrently Herewith<br><br>Hearing Date: November 16, 2009<br>Time: 10:00 a.m.<br>Dept.: 3 – 2nd Floor<br>Judge: Hon. Dean D. Pregerson<br>Date Action Filed: March 4, 2009<br>Trial Date: June 22, 2010 |

TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

YOU ARE HEREBY NOTIFIED that on November 16, 2009, 2009 at 10:00 a.m. or as soon thereafter as the matter may be heard in Department 3 – 2nd Floor of this Court, located at 312 N. Spring Street, Los Angeles, California, Defendant Wal-Mart Stores, Inc. ("Walmart") will move for an order to disqualify Michael

Baum and Andrew Jablon and the law firm of Resch, Polster & Berger LLP from representing Plaintiff Fabric Selection, Inc. in this action.

This motion will be made on the ground that Michael Baum and Andrew Jablon and the law firm of Resch, Polster & Berger LLP formerly represented defendant Walmart in a case substantially related to this action and did not obtain informed written consent pursuant to California Rule of Professional Responsibility 3-310(E).

The motion will be based upon this notice, the attached memorandum of points and authorities in support, the Declaration of Laura L. Chapman and exhibits thereto, the files and records in this action, and any further evidence and argument that the Court may receive at or before the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 22, 2009.

DATE: October 14, 2009

Respectfully submitted,

FOLEY & LARDNER LLP
LAURA L. CHAPMAN

BY: /s/ Laura L. Chapman
LAURA L. CHAPMAN
ATTORNEYS FOR DEFENDANT,
WAL-MART STORES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is an alleged copyright infringement case involving designs on fabric manufactured into garments sold at Walmart. The plaintiff is Fabric Selection, Inc. The defendants are Walmart, the retailer of the accused garments, and L'Koral, LLC, Walmart's supplier. The plaintiff's counsel are Michael Baum and Andrew Jablon of Resch, Polster & Berger LLP. Mr. Baum and Mr. Jablon represented Walmart and several other defendants in a prior copyright infringement case involving the same subject--designs on fabric manufactured into garments sold at Walmart. Prior to accepting their current representation, they failed to obtain informed written consent from Walmart as required by California Rule of Professional Conduct 3-310(E). Counsel for Plaintiff must therefore be disqualified from the current representation.

## II. FACTS

### A. The Printex Case

On June 15, 2004, L.A. Printex Industries, Inc. ("Printex") filed a complaint in the United States District Court for the Central District of California against Walmart and other defendants, including entities that supplied Walmart with certain accused garments (the "Printex Case"). The complaint in the Printex case alleged copyright infringement of Printex's fabric designs. Plaintiffs contended that defendants copied the designs onto fabric manufactured into garments sold at Walmart.

Michael Baum and Andrew Jablon of Resch Polster & Berger substituted into the Printex case to represent Walmart. [Declaration of Laura Chapman ("Chapman Dec.") at ¶ 1 and Exhibit A thereto]. The Printex Case settled shortly before trial. The parties executed a confidential Settlement Agreement and General Release dated as of November 8, 2005. [Id.].

Throughout the pendency of the Printex Case, Walmart disclosed

information to Michael Baum and Andrew Jablon regarding its business operations and strategies in connection with the evaluation, prosecution, and ultimate settlement of the Printex Case.

### B. The Instant Action

On March 4, 2009, Michael Baum and Andrew Jablon of Resch Polster & Berger LLP filed the instant action on behalf of Plaintiff Fabric Selection, Inc. against Walmart and its supplier, defendant L'Koral, LLC. The complaint in this action alleges copyright infringement of plaintiff's designs. Plaintiff contends that defendants copied the designs onto fabric manufactured into garments sold at Walmart. Prior to filing the instant action, neither Mr. Baum nor Mr. Jablon obtained informed written consent from Walmart authorizing them to be adverse to Walmart in this action.

## III. ARGUMENT

### A. Rule of Professional Responsibility 3-310(E) and Disqualification

California Rule of Professional Responsibility 3-310 (E) states:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

Absent informed written consent, a lawyer may not accept employment adverse to a former client who has disclosed confidential information material to the new employment. Rule of Professional Responsibility 3-310(E); *City & County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal.4th 839, 847 (2006). The former client must agree in writing to the representation following counsel's full written disclosure of the "relevant circumstances" and the "actual and reasonably foreseeable adverse consequences to the ...former client." Rule 3-201(A); Cal. Sate Bar Formal Opinion 1998-152.

"Few precepts are more firmly entrenched than the fiduciary nature of the attorney-client relationship, which must be of the highest character. *Styles v.*

*Mumbert,* 164 Cal.App.4th 1163, 1167 (2008), citing *Frazier v. Superior Court* 97 Cal.App.4th 23, 35 (2002), *Yorn v. Superior Court,* 90 Cal.App.3d 669, 675 (1979). This is so fundamental that an attorney continues to owe a former client a fiduciary duty even after the termination of the relationship. *Styles, supra,* at 1167, citing *Zador Corp. v. Kwan,* 31 Cal.App.4th 1285, 1293 (1995). The ethical prohibition against acceptance of adverse employment involving prior confidential information includes potential as well as actual use of such previously acquired information. *Yorn v. Superior Court,* 90 Cal.App.3d 669, 675 (1979), citing *Galbraith v. The State Bar,* 218 Cal. 329, 332-333 (1933).

Where a substantial relationship between the subjects of the prior and the current representations can be demonstrated, disqualification of the attorney's representation of the second client is mandatory. *Flatt v. Superior Court,* 9 Cal.4th 275, 293-284 (1994), citing *Rosenfeld Construction Co. v. Superior Court,* 235 Cal.App.3d 566, 575 (1991)("If a substantial relationship is established, the discussion should ordinarily end. The rights and interest of the former client will prevail. Conflict would be presumed; disqualification will be ordered."); *Henriksen v. Great American Savings & Loan,* 11 Cal.App.4th 109, 117 (1992) ("Where an attorney is disqualified because he formerly represented and therefore possesses confidential information regarding the adverse party in the current litigation, vicarious disqualification of the entire firm is compelled as a matter of law."); see generally, *T.C. & Theatre Corp. v. Warner Bros. Pictures,* 113 F. Supp. 265, 268 (S.D.N.Y. 1953) (origin, interpreting canon 6 of the ABA Canons of Professional Ethics, of the substantial relationship formulation and the presumption that confidences relevant to the successive representation were disclosed if the relationship between the two is substantial.)

  **B.** <u>There is a Substantial Relationship Between The Previous and Current Representations Mandating Disqualification</u>

    **1. The Substantial Relationship Test**

5
NOTICE OF MOTION AND MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL
CASE NO. CV 09-1537 DDP (FFMX)

SFCA_1631491.1

A former client may seek to disqualify a former attorney from representing an adverse party by showing the former attorney actually possesses confidential information adverse to the former client. However, it is well settled that actual possession of confidential information need not be proved in order to disqualify the former attorney. It is enough to show a "substantial relationship" between the subjects of the former and current representation. *City & County v. Cobra, supra*, 38 Cal.4th at 847; *Flatt v. Superior Court, supra*, 9 Cal.4th at 283; *H.F. Ahmanson, supra*, 229 Cal.App.3d at 1451; *Global Van Lines, Inc. v. Superior Court*, 144 Cal.App.3d 483, 489 (1983). If the former client can establish the existence of a substantial relationship between representations, the courts will conclusively presume the attorney possesses confidential information adverse to the former client. *City & County v. Cobra, supra*, 38 Cal.4th at 847; *H.F. Ahmanson, supra*, 229 Cal.App.3d at 1451.

"[T]he substantial relationship test is 'intended to protect the confidences of former clients when an attorney has been in a position to learn them.'" *Knight v. Ferguson,* 149 Cal.App.4th 1207, 1213 (2007). The substantial relationship test requires the former client to "show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client." *Jessen v. Hartford Casualty Insurance Co.*, 111 Cal.App.4th 698 (2003). If the former client succeeds in doing so, the court "will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation" and it "will not inquire into their nature and extent." *Id.* "Imposing this low threshold of proof upon the aggrieved client is the best method of enforcing the lawyer's duty of absolute fidelity and of implementing the spirit of rule 3-310(E). The court asks whether confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the

nature of the former representation." *Id.*

To determine whether there is a substantial relationship between the former and the current representations, a court must first determine whether the attorney had a direct professional relationship with the former client in which the attorney personally provided legal advice and services on a legal issue that is closely related to the legal issue in the present representation. *City & County v. Cobra, supra,* 38 Cal.4th at 847. If the former representation involved such a direct relationship with the client, the former client need not prove that the attorney possesses actual confidential information. *Id.*

"When the attorney's contact with the prior client was not direct, then the court examines both the attorney's relationship with the prior client and the relationship between the prior and the present representation. If the subjects of the prior representation are such as to make it likely the attorney acquired confidential information that is relevant and material to the present representation, then the two representations are substantially related." *City & County v. Cobra, supra,* 38 Cal.4th at 847, citing *Jessen v. Hartford, supra,* 111 Cal.App.4th at 711.

### a. There Was a Direct Relationship Between Plaintiff's Current Counsel and Walmart in the Printex Case

Mr. Baum, Mr. Jablon and their firm Resch, Polster & Berger had a direct professional relationship with Walmart in the Printex Case. Mr. Baum and Mr. Jablon handled Walmart's defense in the Printex Case and were the attorneys engaged to serve as lead trial counsel to represent Walmart in that case. The case did not proceed through trial. Rather, it settled on the eve of (shortly before) trial and Mr. Baum and Mr. Jablon negotiated the settlement on behalf of Walmart. The issues presented in the Printex Case are closely related to the issues in this action. Both the Printex Case and the instant action involve allegations of copyright infringement by a fabric converter over designs on fabric manufactured into garments sold at Walmart. This fact standing alone is an appropriate basis for

disqualification. All that need be shown is that a rational link between the subjects of the prior and the current representations. *Knight, supra*, at 1213; *Jessen, supra,* at 711. As a result, disqualification is warranted without delving into the specifics of any confidential communications between attorney and client. *City & County v. Cobra, supra*, 38 Cal.4th at 847, citing *Jessen v. Hartford, supra,* 111 Cal.App.4th at 711.

### b.   The Subjects of the Representation Are Similar

Even if Mr. Baum and Mr. Jablon's argue that their contact with Walmart in the Printex case was not direct, disqualification is still appropriate because the subject matter of the two representations make it likely that they acquired confidential information relevant and material to the present representation. *City & County v. Cobra, supra*, 38 Cal.4th at 847, citing *Jessen v. Hartford, supra,* 111 Cal.App.4th at 711. This test "is broad and not limited to the strict facts, claims, and issues involved in a particular action." *Knight, supra*, 149 Cal.App.4th at 1213; *Jessen, supra,* 111 Cal.App.4th at 711-712. Successive representations will be "substantially related" when the evidence before the trial court supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues. *Jessen, supra,* at 712 – 713, *citing Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*, 69 Cal.App.4th 223, 236-237 (1999) (confidential information includes information concerning similar matters which would be useful to the current client in pressing its current claim, including the "identity of all the key decision makers," the "litigation philosophy," and the "organizational structure" of the past client, the "financial impact of pending . . . claims" against the client, and the existence and amount of insurance coverage); *Kaselaan & D'Angelo Assocs., Inc. v. D'Angelo,*

144 F.R.D. 235, 244 (D. NJ 1992) (subsequent unfair competition claim and former "employment matters" shared common involvement of former client's employment policies and procedures, hiring and termination criteria, and normal course of action in prosecuting and defending employment claims); *Gray v. Commercial Union Ins. Co.*, 468 A.2d 721, 723-726 (NY 1983) (attorney who had represented former client in personal injury actions was disqualified from representing new client in action for breach of employment contract against former client; though actions did not involve same legal issues or facts, both representations involved operation of former client's claims department). This is not a "bright line" standard and the relevant legal principles must be applied to individual cases by the exercise of the court's considered judgment based in reason, logic and common sense. *Jessen, supra,* at 713.

Here, the subject of the prior representation – a copyright case brought by a fabric converter involving designs on garments sold at Walmart – is the same subject at issue in the current action. Suffice it to say, information material to the evaluation, prosecution settlement or accomplishment of Mr. Baum and Mr. Jablon's former representation of Walmart is also material to the evaluation, prosecution, settlement or accomplishment of the their current representation of the plaintiff in this case. Disqualification is warranted.

## IV. CONCLUSION

This Court should issue an order disqualifying Plaintiff's counsel in this action because there is a substantial relationship between this action and the former action in which Plaintiff's counsel represented Walmart, both of which are copyright infringement claims involving fabric designs on apparel sold at Walmart.

//
//
//
//

9
NOTICE OF MOTION AND MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL
CASE NO. CV 09-1537 DDP (FFMX)

| | | |
|---|---|---|
| 1 | DATE: October 14, 2009 | Respectfully submitted, |
| 2 | | FOLEY & LARDNER LLP |
| | | LAURA L. CHAPMAN |

BY: /s/ Laura L. Chapman
LAURA L. CHAPMAN
ATTORNEYS FOR DEFENDANT,
WAL-MART STORES, INC.